# FOR PUBLICATION
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIAN J. WOLIN, on behalf of
himself and all others similarly
situated,
             *Plaintiff-Appellant,*

v.

JAGUAR LAND ROVER NORTH
AMERICA, LLC,
             *Defendant-Appellee.*

No. 09-55104

D.C. No.
8:07-cv-00627-AG-
RNB

KENNETH GABLE, on behalf of
himself and all others similarly
situated,
             *Plaintiff-Appellant,*

v.

JAGUAR LAND ROVER NORTH
AMERICA, LLC,
             *Defendant-Appellee.*

No. 09-55105

D.C. No.
8:07-cv-00376-AG-
RNB

OPINION

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted
June 11, 2010—Pasadena, California

Filed August 17, 2010

11983

Before: Dorothy W. Nelson and Ronald M. Gould,
Circuit Judges, and James S. Gwin, District Judge.*

Opinion by Judge D.W. Nelson

*The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

**COUNSEL**

James C. Shah (argued), Nathan Zipperian, Shepherd, Finkelman, Miller & Shah, LLP, Media, Pennsylvania; James E. Miller, Laurie Rubinow, Shepherd, Finkelman, Miller & Shah, LLP, Chester, Connecticut, for the plaintiffs-appellants.

Christopher T. Handman (argued), Martin A. Price, Paul A. Werner, Erica M. Knievel, Hogan & Hartson, LLP, Washington, D.C., for the defendant-appellee.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Kenneth Gable and Brian Wolin appeal the district court's denial of their respective motions for class certification. Gable and Wolin each brought a class action lawsuit against Jaguar Land Rover North America, LLC ("Land Rover") alleging that Land Rover's LR3 vehicles suffer from an alignment geometry defect that causes tires to wear prematurely. We must decide whether the district court erred as a matter of law when it declined to certify a class because Gable and Wolin were unable to prove that a majority of potential class members suffered from the consequences of the alleged alignment defect. We have jurisdiction pursuant to 28 U.S.C. § 1292, and we reverse.

## I. Background

Kenneth Gable and Brian Wolin each bought a 2005 Land Rover LR3. Gable purchased his vehicle in 2004 in Michigan.

Wolin made his purchase in 2006 in Florida. Both vehicles came factory equipped with Goodyear Wrangler tires.

Gable and Wolin both allege that their vehicles are defective. The defect, characterized by the plaintiffs as a geometry defect in the vehicles' alignment, allegedly caused uneven and premature tire wear and gave their vehicles a rough ride. According to Gable and Wolin, LR3 drivers must replace their tires prematurely, in many cases after just 15,000 miles.

The LR3 came with a four-year, 50,000 mile factory warranty (the "Limited Warranty"). This warranty covered "repairs required to correct defects in factory-supplied materials or factory workmanship . . . with the exception of tires." Land Rover also provided a separate warranty (the "Tire Warranty") covering tire replacement of tires and/or vehicle realignment in the event the tires exhibit "[e]xcessive wear that is inconsistent with normal use" and "caused by a manufacturing defect elsewhere on the vehicle."

On October 3, 2006, Land Rover issued a Technical Service Bulletin indicating that the tires on certain vehicles may wear prematurely and unevenly due to the vehicles' steering alignment geometry. Land Rover then began to cover the costs of temporarily fixing the defect on a pro rata basis. Land Rover did not offer owners full reimbursement as provided in the warranty. Gable complained to his Land Rover dealer, and the Land Rover service manager covered part of Gable's bill for the replacement of his tires. Wolin complained multiple times and, ultimately, Land Rover's dealer covered part of Wolin's bill for the replacement of his tires.

Gable filed a class action complaint on behalf of all those who purchased or leased 2005 and 2006 Land Rover LR3s in Michigan. Wolin filed a class action complaint on behalf of all those who purchased or leased a 2004, 2005, or 2006 Land Rover LR3 in Florida. The lawsuits were filed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). According to

the appellants, Land Rover knew of the defect and continued to sell the vehicles without disclosing the existence of the defect. Appellants also allege that Land Rover breached its warranties by failing to cover the entire cost of repairing the defect and replacing the tires. Gable asserts claims under the Michigan Consumer Protection Act (MCPA), Mich. Comp. Laws § 445.901, *et seq.*, as well as for breach of express and implied warranties, and for unjust enrichment. Wolin asserts claims under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*, and for breach of express warranties and unjust enrichment.

On September 29, 2008, the district court denied each of the appellants' respective motions for class certification. The court concluded that neither could meet his burden of showing that common issues predominate. The court indicated that the number of people in the class who have experienced the alignment defect is an important factor in the Rule 23 analysis, and concluded that neither Gable nor Wolin produced sufficient evidence of the rate of the defect. After first stating that the plaintiffs in *Samuel-Bassett v. Kia Motors America, Inc.* showed that up to 85% of the vehicles were defective, the court held that both Gable and Wolin failed to meet their respective burdens because neither could estimate the percent of prospective class members whose vehicles manifested the defect, let alone show credibly that even a majority of class members' vehicles experienced premature tire wear. 212 F.R.D. 271, 282 (E.D. Pa. 2002), *vacated on other grounds*, 357 F.3d 392 (3d Cir. 2004). Gable and Wolin timely filed their appeals.

## II.   Standard of Review

We review a district court's denial of class certification for abuse of discretion. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *see also In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 480 (2d Cir. 2008) ("When reviewing a grant of class certification, we accord the

district court noticeably more deference than when we review a denial of class certification."). "Our review is limited to whether the district court correctly selected and applied Rule 23 criteria." *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 580 (9th Cir. 2010) (en banc). "An abuse of discretion occurs when the district court, in making a discretionary ruling, relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors but makes a clear error of judgment in assaying them." *Parra v. Bashas', Inc.*, 536 F.3d 975, 977-78 (9th Cir. 2008) (internal quotation marks omitted). "To the extent that a ruling on a Rule 23 requirement is supported by a finding of fact," we review that finding for clear error. *In re Salomon Analyst*, 544 F.3d at 480.

## III.   Discussion

According to Federal Rule of Civil Procedure 23(a), a plaintiff hoping to certify a class must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." The parties do not seriously dispute that the proposed class satisfies the numerosity and adequacy requirements. The plaintiff must also meet one of the requirements of Federal Rule of Civil Procedure 23(b). Only one such requirement is at issue in this litigation: "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). We will first address commonality, predominance and typicality under Rule 23(a), followed by superiority under Rule 23(b).

A. Commonality and Predominance

Gable and Wolin assert that the district court abused its discretion when it concluded that the proposed class could not show that common issues predominate. We agree.

[1] Federal Rule of Civil Procedure 23(a)(2) provides that "questions of law or fact common to the class" are a prerequisite to class certification. Commonality exists where class members' "situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (internal quotation marks and citation omitted). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

[2] Appellants easily satisfy the commonality requirement. The claims of all prospective class members involve the same alleged defect, covered by the same warranty, and found in vehicles of the same make and model. Appellants' complaints set forth more than one issue that is common to the class, including: 1) whether the LR3's alignment geometry was defective; 2) whether Land Rover was aware of this defect; 3) whether Land Rover concealed the nature of the defect; 4) whether Land Rover's conduct violated the Michigan Consumer Protection Act or the Florida Deceptive and Unfair Trade Practices Act; and 5) whether Land Rover was obligated to pay for or repair the alleged defect pursuant to the express or implied terms of its warranties. These common core questions are sufficient to satisfy the commonality test. *See Hanlon*, 150 F.3d at 1019-20.

We next consider whether these common questions predominate. While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these com-

mon questions predominate. Though there is substantial overlap between the two tests, the 23(b)(3) test is "far more demanding," *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997), and asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation," *id.* at 623.

i. Existence of Defect and Violation of Consumer Protection Laws

**[3]** The district court erred when it concluded, without discussion, that certification is inappropriate because Gable and Wolin did not prove that the defect manifested in a majority of the class's vehicles. The appellants allege a violation of the Michigan Consumer Protection Act and the Florida Deceptive and Unfair Trade Practices Act, because, for example, Land Rover represented that the vehicles had particular characteristics or were of a particular standard when they were of another, and Land Rover failed to reveal material facts about the vehicles. Gable alleges breach of implied warranty because the vehicles were defective and not of merchantable quality at the time they left Land Rover's possession. Common issues predominate such as whether Land Rover was aware of the existence of the alleged defect, whether Land Rover had a duty to disclose its knowledge and whether it violated consumer protection laws when it failed to do so. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005) (per curiam).

**[4]** Land Rover argues that the evidence will demonstrate that the prospective class members' vehicles do not suffer from a common defect, but rather, from tire wear due to individual factors such as driving habits and weather. Thus, according to Land Rover, the district court correctly decided not to certify a class because appellants failed to prove that their tires wore prematurely due to a defect. However, we have held that proof of the manifestation of a defect is not a prerequisite to class certification. *Blackie v. Barrack*, 524

F.2d 891, 901 (9th Cir. 1975) ("[N]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies the Rule."). What Land Rover argues is whether class members can win on the merits. For appellants' claims regarding the existence of the defect and the defendant's alleged violation of consumer protection laws, this inquiry does not overlap with the predominance test.

[5] Although early tire wear cases may be particularly problematic for plaintiffs seeking class certification, we reject Land Rover's suggestion that automobile defect cases can categorically never be certified as a class. Gable and Wolin assert that the defect exists in the alignment geometry, not in the tires, that Land Rover failed to reveal material facts in violation of consumer protection laws, and that Land Rover was unjustly enriched when it sold a defective vehicle. All of these allegations are susceptible to proof by generalized evidence. Although individual factors may affect premature tire wear, they do not affect whether the vehicles were sold with an alignment defect.

## ii. Warranty

Appellants also allege breach of express warranty because Land Rover refused to repair the tires and the geometry defect pursuant to the terms of the Limited Warranty and the Tire Warranty.

[6] Although we have not considered whether common issues related to such a warranty might predominate, we note that the Sixth Circuit reached a similar issue in *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006). In *Daffin*, an owner of a van sued for a defective throttle body assembly that caused the accelerator to stick. 458 F.3d at 550. All proposed class members were covered by a standard warranty providing

for the repair or replacement of defective products. The court concluded that the following common issues predominated: "(1) whether the throttle body assembly is defective, (2) whether the defect reduces the value of the car, and (3) whether Ford's express 'repair or replace' warranty covers the latent defect at issue in this case." *Id.* at 554. The court distinguished the case from instances where "different class members were exposed to different products such that the uncommon issue of causation predominated over the lesser shared issues." *Id.* All plaintiffs received the same allegedly defective product, and all had the same express warranty claim that the car did not conform to the written warranty.

**[7]** As in *Daffin*, all of the proposed class members here are covered by a Limited Warranty that provides for the repair or replacement of defects, and all of the proposed class members allege that their vehicles suffer from the same defect. These claims require common proof of the existence of the defect and a determination whether Land Rover violated the terms of its Limited Warranty. Accordingly, we conclude that common issues predominate regarding Land Rover's obligations under its Limited Warranty.

**[8]** Land Rover's other warranty, the Tire Warranty, provides that when tire wear is *caused* by a defect in the vehicles, Land Rover will replace the tires and/or pay for realignment. Claims for breach of the Tire Warranty do not easily satisfy the predominance test. A determination whether the defective alignment caused a given class member's tires to wear prematurely requires proof specific to that individual litigant. *See Zinser*, 253 F.3d at 1189 (although there may be common liability issues regarding a pacemaker defect, "to determine causation and damages for each of the three claims asserted here, it is inescapable that many triable individualized issues may be presented"). Tires deteriorate at different rates depending on where and how they are driven. Whether each proposed class member's tires wore out, and whether they wore out prematurely and as a result of the alleged alignment defect, are

individual causation and injury issues that could make class-wide adjudication inappropriate. *See In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018-21 (7th Cir. 2002) (reversing certification where plaintiffs alleged defective tire design because a class action would not be manageable: tires were recalled at different times, they may have differed in their propensity to fail, some vehicles were re-sold, some owners alleged they were advised to underinflate their tires, and there were six tire models representing sixty-seven different designs).

**[9]** As to the existence of a defect in the vehicles, failure to disclose the defect, recovery pursuant to state consumer protection laws, and breach of the Limited Warranty, we hold that the district court erred when it required Gable and Wolin to show that a majority of proposed class members' vehicles manifested the results of the defect. We reverse on this basis, and remand for the district court to address the remaining class issues. For example, appellants have set forth a proposed plan for a trial bifurcated with a liability phase and a damages phase, which the district court has not addressed. As to the breach of the Tire Warranty claim, while we observe that this claim may not be amenable to class treatment, the district court still must address this issue on remand because it did not previously address it in light of the threshold manifestation requirement it imposed.

B. Typicality

**[10]** Land Rover argues that in any event class certification is unwarranted because the proposed class fails to satisfy the typicality requirement of Rule 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether

other class members have been injured by the same course of conduct." *Id.* (internal quotation marks omitted).

Land Rover asserts that Gable's and Wolin's claims are not typical because their tires indicate wear that is not the kind attributable to vehicle alignment. However, Gable and Wolin allege that they, like all prospective class members, were injured by a defective alignment geometry in the vehicles. Gable and Wolin and the class seek to recover pursuant to the same legal theories: violation of consumer protection laws, breach of warranty, and unjust enrichment. Land Rover has identified no defenses that are unique to Gable and Wolin that would make class certification inappropriate.

**[11]** Whether they experienced premature tire wear at six months, nine months, or later goes to the extent of their damages and not whether named appellants "possess the same interest and suffer[ed] the same injury as the class members." *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (internal quotation marks omitted). Typicality can be satisfied despite different factual circumstances surrounding the manifestation of the defect. *See Daffin*, 458 F.3d at 553. Gable and Wolin, like the rest of the class, may have a viable claim regardless of the manifestation of the defect. The fact that Gable and Wolin already received discounts and some free services also does not defeat typicality. *See Lymburner v. U.S. Fin. Funds, Inc.*, 263 F.R.D. 534, 540 (N.D. Cal. 2010) (finding named plaintiff typical of class despite availability of plaintiff-specific remedy and finding "no authority for the argument that typicality is defeated because the remedies may be different for class members or that the availability of rescission as a remedy will monopolize this case"). Gable's and Wolin's claims are typical of the class.

C. Superiority

**[12]** Finally, Land Rover argues that the district court's error was harmless because Gable and Wolin cannot demon-

strate that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Generally, the factors relevant to assessing superiority include "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A-D). This list is not exhaustive and other factors may be considered.

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1779 at 174 (3d ed. 2005). Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification. *See Zinser*, 253 F.3d at 1189; *Hanlon*, 150 F.3d at 1023. Rule 23(b)(3)'s superiority test requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair. This analysis is related to the commonality test. Underlying both tests is a concern for judicial economy.

**[13]** Gable and Wolin have identified 2100 and 1183 vehicles at issue in their class actions, respectively, that would be at issue in litigation in the same forum and that are subject to the same consumer protection laws. Appellants aver that no other prospective class members have filed other related actions, and Land Rover does not dispute this point. The amount of damages suffered by each class member is not large. Forcing individual vehicle owners to litigate their cases, particularly where common issues predominate for the proposed class, is an inferior method of adjudication. Accordingly, although alternative means of recovery are available,

e.g., small claims court, we conclude that class-wide adjudication "of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

**[14]** Land Rover suggests that automobile-wear cases involve inherently individualized determinations such that classwide litigation would be inefficient and unmanageable. Instead of pursuing a class action, Land Rover argues, proposed class members should litigate separately the issues of liability and causation. However, as discussed above, appellants allege that their injury results not from bad tires, but from a single, defective alignment geometry. It is far more efficient to litigate this — the basis for their claim — on a classwide basis rather than in thousands of individual and overlapping lawsuits. Whether the alignment geometry was defective, whether Land Rover violated its Limited Warranty for defects within the vehicle, and whether Land Rover was unjustly enriched because consumers' vehicles are worth less due to the defect are issues common to all class members and can be litigated together. Proposed class members face the option of participating in this class action, or filing hundreds of individual lawsuits that could involve duplicating discovery and costs that exceed the extent of proposed class members' individual injuries. Thus, classwide adjudication of appellants' claims is superior to other means of adjudicating this case.

## IV.   Conclusion

For the reasons stated above, we reverse the district court's order denying Gable's and Wolin's motions for class certification and remand for further proceedings not inconsistent with this opinion.

**REVERSED and REMANDED.**