**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANNE L. KELLEY; KENNETH HANSEN; JIM WALTERS; MATT MORALES; RUSSELL HALL; DON SCHRODER, | No. 09-35699 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-00475-MJP |
| v. | MEMORANDUM[*] |
| MICROSOFT CORPORATION, a Washington Corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 3, 2010
Seattle, Washington

Before: CANBY, THOMPSON and BERZON, Circuit Judges.

This action involves alleged misrepresentations and omissions in Microsoft

Corporation's ("Microsoft") pre-release marketing of its Windows Vista operating

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

system.  Plaintiffs-Appellants Dianne Kelley, Kenneth Hansen, Jim Walters, Matt Morales, Russell Hall, and Don Schroder (collectively referred to as "Plaintiffs") appeal the denial of their motion for narrowed class certification of two classes proposed after the district court decertified their original class.  The district court held that the putative classes failed to meet the predominance requirement of Federal Rule of Civil Procedure 23(b)(3).  We review the certification decision for abuse of discretion.  *See Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090–91 (9th Cir. 2010); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009).  We affirm in part, reverse in part, and remand for further proceedings.

The district court failed properly to conduct the predominance inquiry under Rule 23(b)(3).  To certify a class under Rule 23(b)(3), a district court must, *inter alia*, "determine whether common or individual issues predominate in a given case." *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 593 (9th Cir. 2010) (en banc) (internal quotation marks omitted).  "[T]he main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *In re Wells Fargo*, 571 F.3d at 959.  Here, the district court relied exclusively on its conclusion that claims involving deceptive practices brought under the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 *et seq.*, require

individualized proof of proximate causation to find that "the predominant questions [in this putative class action] would relate to Plaintiffs' subjective understanding of the Express Upgrade program and their individual belief in Microsoft's Vista advertising campaign." The district court failed to consider, or to balance against the issues requiring individualized proof, any questions of law or fact common to the Express Upgrade class members, despite identifying several such questions in the Rule 23(a)(2) commonality analysis in its February 2008 certification order.[1] *See In re Wells Fargo*, 571 F.3d at 959 (holding that it is reversible error to "rely[] on [one factor] to the near exclusion of other factors relevant to the predominance inquiry").

In addition, contrary to the district court's supposition, the Express Upgrade class members' understanding of the Express Upgrade program and knowledge of Microsoft's Vista advertising campaign *is* amenable to class-wide treatment in some respects. For instance, common questions exist regarding the extent of the consumer education efforts that Microsoft allegedly controlled through its Windows Vista Capable marketing program. Further, this case is unlike instances

_____

[1]Cases alleging consumer fraud and involving questions affecting individual class members are not categorically precluded from class treatment. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *cf. Wolin v. Jaguar Land Rover N. Am., LLC*, No. 09-55104, 09-55105, 2010 WL 3222091, at *4 (9th Cir. Aug. 17, 2010).

where the alleged misrepresentation goes to only one feature of the product and there are numerous reasons why a consumer might use the product other than the feature misrepresented. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 665, 667 (9th Cir. 2004). The allegedly fundamental aspects of the product sought through the Express Upgrade program are largely encompassed within the alleged misrepresentation—namely, that a computer labeled "Vista Capable" and upgradeable to Windows Vista Home Basic could run "Vista." *Cf. id.* at 665 (noting the "unique nature of gambling transactions" and holding that "gambling is not a context in which [the court] can assume that potential class members are always similarly situated").

Finally, the district court did not consider whether other elements of a CPA claim present questions of law or fact common or individual to the class members, and what effect those questions, if any, have on the Rule 23(b)(3) predominance inquiry. For instance, the district court did not determine whether the allegedly deceptive practice affects the public interest, which itself involves consideration of several factors. *See, e.g.*, *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

Accordingly, we reverse the district court's denial of class certification and remand to the district court for further certification proceedings consistent with this

disposition. We stress that by doing so, we express no view concerning whether on a proper analysis, the denial of class certification would be within the district court's discretion.

The district court did not err in concluding that the claims asserted by the proposed Windows Driver Device Model ("WDDM") class are best characterized as primarily involving allegations of affirmative misrepresentations, and not material omissions. Plaintiffs argue that the WDDM class definition's explicit reference to persons who purchased a personal computer ("PC") certified by Microsoft as "Vista Capable" is to identify WDDM class members only. Even so, the argument underlying the WDDM class' claims is that Microsoft affirmatively marketed certain PCs as Vista Capable even though they could not support WDDM, a display driver allegedly required to operate Vista. Additionally, regardless of whether Microsoft's alleged knowing failure to reveal that pre-launch Vista Capable PCs could not support WDDM is a deceptive act or practice under the CPA, the failure to disclose that information is relevant only insofar as Microsoft also represented that Vista Capable PCs were in fact capable of running a version of Vista. Plaintiffs' complaint is instructive on this issue, as it contains allegations based on both affirmative misrepresentations and omissions. The WDDM class' claims are therefore not "base[d] . . . only on what [Microsoft

allegedly] did not disclose," but rather "as much on what [was said] as what [wa]s purportedly [left out]." *Poulos*, 379 F.3d at 667. Accordingly, we affirm the district court's denial of certification of the WDDM class on the theory that the WDDM class is entitled to a presumption of reliance.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**