**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHERIDA JOHNSON, on behalf of herself
and all others similarly situated; et al.,

Plaintiffs-Appellees,

v.

NISSAN NORTH AMERICA, INC.,

Defendant-Appellant.

No.     22-16644

D.C. No. 3:17-cv-00517-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 21, 2024
San Francisco, California

Before: WARDLAW and SANCHEZ, Circuit Judges, and LYNN,** District Judge.

In this interlocutory appeal pursuant to Federal Rule of Civil Procedure

23(f), Defendant Nissan North America, Inc. ("Nissan") appeals the district court's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Barbara M. G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

order certifying state-based classes. Plaintiffs allege that Nissan failed to disclose an alleged defect in the design of panoramic sunroofs utilized across several of Nissan's vehicle models in violation of implied warranty and consumer protection laws of several states.[1] We review for abuse of discretion the decision to certify a class and any underlying Rule 23 decisions involving a discretionary determination. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc), *cert. denied sub nom.* 143 S. Ct. 424, 214 L. Ed. 233 (2022) (cleaned up). In doing so, we do not reach merits questions and confine our review to the district court's certification decision.[2] *See Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1113 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1292(e) and Rule 23(f), and we affirm.

1. The district court did not abuse its discretion in finding several common questions of law and fact which predominate over individual inquiries. *See* Fed. R. Civ. P. 23(a)(1), (b)(3). The district court cited (i) "the nature of the alleged defect"; (ii) "Nissan's knowledge (or lack thereof) about the alleged

---

[1] The district court granted class certification as to state law claims arising in California, Colorado, New York, and Florida.

[2] The posture of this interlocutory appeal of a class certification order accordingly requires us to apply a different standard of review than the one to be applied in our companion case *Sonneveldt v. Mazda Motor of Am., Inc.*, 23-55325 (9th Cir. submitted Oct. 21, 2024), which involves an appeal from an order granting summary judgment. *See Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1023 (9th Cir. 2024) (stating that "class certification is different from summary judgment").

2

defect"; (iii) "whether a reasonable consumer would find the omission of the defect material"; (iv) "whether the vehicles violated the implied warranty of merchantability"; and (v) the "extent to which Nissan's nondisclosure constituted concealment." The district court correctly concluded that these common questions can be answered in a way that necessarily holds across the whole class and that the resolution of these questions predominates over any individual inquiries. *See Olean*, 31 F.4th at 664 (inquiring "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 444 (2016))).

Nissan argues that there is no admissible evidence of an alleged common design defect that increases the panoramic sunroofs' likelihood of spontaneously shattering. Yet, as our cases explain, proof of a defect is not required to establish class certification because that is a merits inquiry. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) ("proof of the manifestation of a defect is not a prerequisite to class certification" in cases about defective car designs (internal citation omitted)); *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 821 (9th Cir. 2019) (stating same); *see also Lytle*, 114 F.4th at 1023 (in predominance inquiry, "a district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not

3

whether the evidence in fact establishes that plaintiffs would win at trial." (quoting *Olean*, 31 F.4th at 666-67)). Because our present review is limited to questions pertaining to class certification, the only relevant inquiry is whether Plaintiffs' claims are susceptible to common proof, which they are for the reasons discussed above.

2.    The district court did not abuse its discretion in finding that the materiality and reliance elements of the Plaintiffs' consumer protection claims raised common issues supporting class certification. *See* Fed. R. Civ. P. 23(a)(2).Because Plaintiffs can prove materiality and reliance with an objective, reasonable consumer standard, we have recognized that both elements of consumer protection laws are "generally susceptible to common proof." *Lytle*, 114 F.4th at 1034. After finding sufficient evidence of objective materiality, the district court did not abuse its discretion by inferring that Plaintiffs will be able to show causation classwide. *See Lytle*, 114 F.4th at 1034 (explaining that under the California consumer protection law, "causation, on a classwide basis, may be established by materiality, [and] [i]f the trial court finds the material misrepresentations have been made to the entire class, an inference of reliance arises as to the class" (cleaned up)).

3.    The district court did not abuse its discretion in accepting Plaintiffs' unperformed damages model to support class certification. We have held that class

4

plaintiffs may "rely on an unexecuted damages model to demonstrate that damages are susceptible to common proof so long as the district court finds, by a preponderance of the evidence, that the model will be able to reliably calculate damages in a manner common to the class at trial." *Lytle*, 114 F.4th at 1024. The district court made such a finding here.[3]

4. Nissan contends that the district court erred by certifying a class in which the "vast majority" of class members "have never had—nor ever will have—a broken [panoramic sunroof]." Nissan misconstrues Plaintiffs' theory of liability. Plaintiffs allege that class members paid more for panoramic sunroofs at the point of sale than they would have had Nissan properly disclosed the material design defect that causes its sunroofs to spontaneously shatter under normal driving conditions. Plaintiffs' benefit-of-the-bargain theory of injury thus affects the entire class. *See Nguyen*, 932 F.3d at 822 (finding an identical theory cognizable and capable of satisfying the predominance requirement); *see also Wolin*, 617 F.3d at 1173 (finding same). Although Nissan argues otherwise, we apply Rule 23, not Article III standing, to analyze purported dissimilarities between class representatives and unnamed class members. *See Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015). Regardless, Plaintiffs' claim—that class members

---

[3] The district court also correctly rejected Nissan's methodological challenges to the Plaintiffs' damages model because they go to the weight of the evidence rather than its admissibility.

"spent money that, absent [Nissan's] actions, they would not have spent"—is a "quintessential injury-in-fact." *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (internal quotations omitted).

5.  The district court did not abuse its discretion in allowing named Plaintiffs to represent the owners of vehicle models that named Plaintiffs do not own. As the district court correctly noted, even if the class encompasses other vehicle models, the class vehicles all share the same panoramic sunroof design. It is undisputed that the panoramic sunroofs in all the class vehicles come from the same two manufacturers and share a "common design concept of tempered glass panels." *See Wolin*, 617 F.3d at 1175 ("Typicality can be satisfied despite different factual circumstances surrounding the manifestation of the defect."). As alleged, all class members who overpaid for the panoramic sunroofs have the same injury by way of the same defective design.[4]

6.  Finally, the district court did not violate the Rules Enabling Act, which in the class certification context forbids using the Federal Rules of Civil Procedure to "abridge, enlarge or modify any substantive right" beyond what would otherwise be available in individual litigation. *See* 28 U.S.C. § 2072(b); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155-56 (9th Cir. 2016).

___

[4] The same holds true for lessee class members because Plaintiffs' class-wide damages analysis will measure the amount class members paid "at the time and point of first purchase *or lease*."

Nissan points to no such expansion of rights or limitation of defenses. Instead, Nissan's arguments merely reflect its dissatisfaction with the district court's rejection of the merits of Nissan's motion to dismiss—claims which Nissan may pursue at later stages of this litigation.

**AFFIRMED.**