**Beverly BECK–ELLMAN, John and Denise Bielis, and John and Sandy Mahoy, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**KAZ USA, INC., and Kaz, Inc., Defendants.**

**No. 3:10–CV–02134–H (DHB).**

United States District Court, S.D. California.

Oct. 5, 2012.

**562**

Stuart Eppsteiner, San Diego, CA, for Plaintiffs.

Charles A. Phillips, Eugene P. Kenny, Grimm, Vranjes & Greer, LLP, San Diego, CA, Paul Vernon Wayne, Soojin Kang, Tharpe & Howell, LLP, Sherman Oaks, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

MARILYN L. HUFF, District Judge.

On July 20, 2012, Plaintiffs Beverly Beck–Ellman and Sandy Mahoy ("Plaintiffs") filed a motion for class certification. (Doc. Nos. 42, 43.) On August 21, 2012, Defendants Kaz USA, Inc. and Kaz, Inc. (collectively "Kaz" or "Defendants") filed an opposition to Plaintiffs' motion for class certification. (Doc. No. 56.) On September 14, 2012, Plaintiffs filed a reply. (Doc. Nos. 63, 64.) The Court held a hearing on the motion on October 4, 2012. Stuart Eppsteiner and Andrew Kubik appeared on behalf of Plaintiffs. Paul Wayne and Soojin Kang appeared on behalf of Defendants. For the following reasons, the Court grants in part and denies in part Plaintiffs' motion for class certification.

### Background

This is a consumer class action lawsuit brought on behalf of people who have purchased Kaz heating pads after relying on allegedly deceptive and misleading labeling and advertisements. (Doc. No. 1 ("Compl.") at ¶¶ 1–16; Doc. No. 42 ("Pls.' Br.") at 1, 2.) [1] Specifically, Plaintiffs allege that the heating pads contain several defects known to Defendants which both limit their utility and create physical danger for consumers, and that the heating pads are "packaged, displayed, marketed and sold" in boxes omitting information concerning those defects. (Compl. at ¶¶ 7–15; Pls.' Br. at 2.) The parties estimate that Defendants sold approximately five million heating pads in the United States from 2002–2010, including over two-and-a-half million units in Pennsylvania and California. (Pls.' Br. at 2.) California Plaintiff Beverly Beck–Ellman alleges that she purchased a Kaz SoftHeat HP215 heating pad in late 2007, which caused Ms. Beck–Ellman injury on or about January 25, 2008. (Compl. at ¶ 17; Pls.' Br. at 5.) Pennsylvania Plaintiffs John Mahoy and Sandy Mahoy allege that they purchased a Kaz SoftHeat HP215 heating pad on or about January 30, 2010, which injured Mr. Mahoy and broke itself in the process. (Compl. at ¶ 19.) [2]

Based on the alleged misrepresentations, Plaintiff Beck–Ellman alleges seven causes of action for herself and on behalf of the California class: Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; violation of California's False Advertising Law, ("FAL"), Cal. Bus. & Prof.Code § 17500 et seq.; violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ.Code § 1770 et seq.; breach of implied warranty under the Cali-

---

1. The Complaint defines "heating pad" for the purposes of this litigation as including all of "Kaz electric heating pads" marketed under the brand names SmartHeat, SoftHeat, Kaz, and Dunlap, as well as "the equivalent heating pads that Kaz identified by different brands, models, and model numbers." (Compl. ¶¶ 2, 25.) The Court will refer to these products collectively as "heating pads" or "Kaz heating pads."

2. Plaintiff John Mahoy died on November 23, 2011. (Pls.' Br. at 1 n. 1.) Plaintiff Sandy Mahoy will represent the interests of herself and John Mahoy in this matter. (Mahoy Decl. ¶¶ 3–4, 16–17; Pls.' Br. at 1 n. 1.)

fornia Song–Beverly Act; unlawful limitation and breach of warranty under the Federal Magnuson–Moss Warranty Act; and unjust enrichment. (Compl. ¶¶ 63–187.)

Plaintiff Sandy Mahoy alleges five causes of action for herself and the Pennsylvania Class: Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Pa. Const. St. § 201–1 et seq.; breach of implied warranty under Pennsylvania law, 13 Pa. Cons.Stat. §§ 2313–2314; unlawful limitation and breach of warranty under the Federal Magnuson–Moss Warranty Act; and unjust enrichment. (Compl. ¶¶ 63–187.)

Plaintiffs seek to certify two separate classes based on the consumer protection, implied warranty, and unjust enrichment causes of action under California, Pennsylvania, and federal law. The proposed classes consist of the following:

■ California Class: All residents of California who purchased heating pads in California for primarily personal, family, or household purposes from October 13, 2006, through the date of class notice[; and]

■ Pennsylvania Class: All residents of Pennsylvania who purchased heating pads in Pennsylvania for primarily personal, family, or household purposes from October 13, 2004, through the date of class notice.

(Pls.' Br. at 11.) [3],[4]

### Discussion

### I. Class Certification Standards

■ "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (citing *Califano v. Yamasaki,* 442 U.S. 682, 700–01, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)). To qualify for the exception to

individual litigation, the party seeking class certification must provide facts sufficient to satisfy the requirements of Federal Rules of Civil Procedure 23(a) and (b). *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir.2001); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1308–09 (9th Cir. 1977). Rule 23(a) requires Plaintiffs to demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Rule 23(b)(3) requires the court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed.R.Civ.P. 23(b)(3).

■ The Court considers "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal–Mart Stores, Inc.,* 131 S.Ct. at 2551. The district court must conduct a rigorous analysis to determine whether the prerequisites of Rule 23 have been met. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). It is a well-recognized precept that "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal–Mart Stores, Inc.,* 131 S.Ct. at 2551 (quoting *Falcon,* 457 U.S. at 160, 102 S.Ct. 2364). "The district court is required to examine the merits of the underlying claim in this context [class certification], only inas-

---

**3.** The parties jointly requested the dismissal of Michigan Plaintiffs John and Denise Bielis. (Doc. No. 26.) On September 9, 2011, the Court dismissed those plaintiffs without prejudice. (Doc. No. 27.) As a result, Plaintiffs are not currently seeking certification of a Michigan class or for the causes of action arising under Michigan law.

**4.** The proposed classes exclude anyone seeking damages for personal injury or property damage caused by Kaz heating pads, as well as anyone with a conflict of interest in this matter.

much as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (citations omitted). Rather, the Court's review of the merits should be limited to those aspects relevant to making the certification decision on an informed basis. *See* Fed.R.Civ.P. 23 advisory committee notes. The Court must consider the merits if they overlap with the Rule 23 requirements. *Ellis*, 657 F.3d at 981 (citing *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551–52; *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir.1992)). If a court is not fully satisfied that the requirements of Rules 23(a) and (b) have been met, certification should be refused. *Falcon*, 457 U.S. at 161, 102 S.Ct. 2364.

## II. California Class

### A. Requirements of Rule 23(a)

#### i. Numerosity

Rule 23(a)(1) requires the proposed class to be "so numerous that joinder of all members is impracticable." Fed. R.Civ.P. 23(a)(1). "Impracticability does not mean impossibility," rather the inquiry focuses on the difficulty or inconvenience of joining all members of class. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–914 (9th Cir.1964). In determining whether numerosity is satisfied, the Court may consider reasonable inferences drawn from the facts before it. *Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 n. 5 (9th Cir.1977).

Here, the parties estimate that Defendants sold approximately five million heating pads in the United States from 2002–2010, including over two-and-a-half million units in California and Pennsylvania. (Doc. No. 43–4 at 44–47, Monroe Dep. Vol. II at 25:7–27:19; Doc. No. 42–1, Kubik Decl. Ex. 4 at 33–44; Pls.' Br. at 12.) Defendants do not dispute the numerosity of the proposed class. Accordingly, the Court concludes that Plaintiff Beck–Ellman has satisfied this requirement.

#### ii. Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551. The "claims must depend on a common contention" and "[t]hat common contention ... must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality is satisfied by "the existence of shared legal issues with divergent factual predicates" or a "common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–20 (9th Cir.1998). All questions of fact and law need not be common to satisfy the rule. *Id.* Rather, in deciding whether plaintiffs share a common question with the prospective class, the named Plaintiff must share at least one question of fact or law with the prospective class. *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir.2010) (citing *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir.1994)).

Defendants contend that the differences in heating pads prevent the bulk of issues from being common. Defendants assert that Plaintiff Beck–Ellman's claims would only be common to others who purchased the same heating pads. However, commonality under Rule 23(a)(2) only requires there be some common issues of fact and law. *Keilholtz v. Lennox*, 268 F.R.D. 330, 337 (N.D.Cal.2010). Plaintiff Beck–Ellman need only show that the claims of the class "depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551.

Plaintiff Beck–Ellman's claims arise from a common contention regarding Defendants' allegedly deceptive advertisements for substantially uniform products. Plaintiff Beck–Ellman points out that the heating

pads are functionally very similar, with the primary differences being their size, shape, number of heat settings, and whether they are washable. (McDuffie Dep. at 21:18–23; Brayton Dep. at 101:14–102:7.) Plaintiff Beck–Ellman also shows that all models of heating pads contain the same material omissions. (*See* McDuffie Dep. at 56:14–57:22; 63:18–64:6; 152:6–155:10.) The similarities in packaging and marketing are sufficient to create common issues among the class. An omission common to all Kaz heating pads is likewise common to the claims of the potential class members.

Moreover, "should it develop that class members were provided such a variety of information that a single determination as to materiality is not possible, the trial court has the flexibility to order creation of subclasses or to decertify the class altogether. At this point, however," the omissions on Kaz heating pads packages is an issue common to the class members. *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282, 119 Cal.Rptr.2d 190, 198 & n. 5 (2002); *accord Krueger v. Wyeth, Inc.*, No. 03–2496, 2011 WL 8971449, at *6–7 (S.D.Cal. March 30, 2011). Plaintiff Beck–Ellman has therefore satisfied Rule 23(a)(2)'s commonality requirement with regards to the California class. *See Hanlon*, 150 F.3d at 1019–22; *In re Ferrero Litigation*, 278 F.R.D. 552, 558 (S.D.Cal.2011) (finding commonality where claims were based on "common advertising campaign").

Defendants further argue that commonality, as well as typicality, superiority, predominance, and adequacy are defeated by the existence of property damage and personal injury claims. However, Plaintiff Beck–Ellman does not seek class certification for nor does she allege causes of action for property damage and personal injury. (Compl. at ¶¶ 63–187; Doc. No. 63 ("Pls.' Reply") at 1–2.) "The Ninth Circuit disfavors this type of mingling of issues, and requires that courts accept plaintiffs' theory of relief as it is stated." *Keegan v. American Honda Motor Co., Inc.*, 284 F.R.D. 504, 530 (C.D.Cal.2012) (citing *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union, AFL–CIO v. ConocoPhillips*

*Co.*, 593 F.3d 802, 808 (9th Cir.2010)). As a result, the Court dismisses Defendants' arguments concerning property damage and personal injury for the purposes of commonality, typicality, and predominance.

### iii. Typicality

Rule 23(a)(3) requires the representative party to have claims or defenses that are "typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability." *Rodriguez*, 591 F.3d at 1124 (citations omitted). The typicality requirement is "permissive and requires only that the representative's claims are reasonably co-extensive with those of the absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citations omitted).

In this case, Plaintiff Beck–Ellman alleges marketing problems including point-of-purchase loss. (Compl. ¶¶ 34–44.) Significantly, the proposed class does not include claims for personal injury. "Plaintiff[ ] and class members [ ] were all exposed to the same alleged misrepresentations [and omissions] on the packages...." *Johns v. Bayer Corp.*, 280 F.R.D. 551, 557 (S.D.Cal.2012). Plaintiff Beck–Ellman and class members share the same interests in determining whether Kaz heating pads were deceptively advertised. Plaintiff Beck–Ellman is therefore typical of the class. *See Id.*

Defendants argue that typicality is defeated because the class includes claims on multiple different heating pads purchased in different venues. Defendants assert that Plaintiff Beck–Ellman's claims are only typical of class members who purchased the same model heating pads in the same fashion, namely at a brick-and-mortar store rather than online or in response to a television advertisement. (Doc. No. 56 ("Defs.' Opp."))

at 22–23.) The Court disagrees. Plaintiff Beck–Ellman establishes that the heating pads contain similar omissions. Plaintiff Beck–Ellman demonstrates that the heating pads subject to this litigation are sufficiently similar for the purposes of this litigation, specifically with regards to their functionality, packaging, and advertisement. (*See* McDuffie Dep. at 56:14–57:22; 63:18–64:6; 152:6–155:10.) Plaintiff Beck–Ellman seeks to show defects and omissions common to *Kaz* heating pads and thus common to members of the putative class. Regardless of whether they are "substantially identical," the named plaintiff's "claims are reasonably co-extensive with those of the absent class members." *Hanlon,* 150 F.3d at 1020.

Defendants further argue that Plaintiff Beck–Ellman's claim is atypical because her claims are subject to unique defenses. Namely, Defendants argue that her CLRA, unjust enrichment, and implied warranty claims are time-barred. (Defs.' Opp. at 22.) However, "[g]iven a sufficient nucleus of common questions, the presence of the individual issue of compliance with the statute of limitations" need not bar class certification. *Williams v. Sinclair,* 529 F.2d 1383, 1388 (9th Cir.1975). The statute of limitations is a merits determination often not suitable for resolution at the class certification stage. *See Johns,* 280 F.R.D. at 560 (citing *Massachusetts Mutual Life Ins. Co.,* 119 Cal. Rptr.2d at 199.) The Court therefore concludes that Plaintiff Beck–Ellman's claims satisfy the typicality requirement under Rule 23(a) with regards to the California class.

### iv. Adequacy of Representation

■ Rule 23(a) also requires the representative parties to "fairly and adequately protect the interests of the class." Fed. R.Civ.P. 23(a)(4). The Ninth Circuit set a two-prong test for this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir.2003) (citing *Hanlon,* 150 F.3d at 1020).

■ Plaintiff Beck–Ellman meets the two-prong test in *Staton. Id.* Plaintiff Beck–Ellman and the proposed class share the same claims and interest in obtaining relief, and she is vigorously pursing relief on behalf of the proposed class.

Defendants argue that Plaintiff Beck–Ellman is an inadequate class representative because she is not bringing claims for personal injury or property damage. Defendants' argument is unavailing. "Defendant[s] cannot claim that Plaintiff is inadequate because [she] declines to assert a theory that could unravel the putative class." *Kennedy v. Jackson Nat. Life Ins. Co.,* No. 07–0371, 2010 WL 2524360, at *5 (N.D.Cal. June 23, 2010).

Moreover, any qualifying class member seeking recovery for personal injury or property damage caused by Kaz heating pads need only opt out of the putative class and bring a separate action. *Compare Krueger v. Wyeth, Inc.,* No. 03–CV–2496, 2008 WL 481956, at *2–3 (S.D.Cal. Feb. 19, 2008) (denying class certification without prejudice due to class members' potential personal injury claims) with *Krueger v. Wyeth, Inc.,* 03–CV–2496, 2011 WL 8971449, at *1 (S.D.Cal. Mar. 30, 2011) (granting class certification by excluding those who "seek personal injury damages resulting" from the subject matter of the litigation). Courts routinely certify diminished value/overpayment claims under the same causes of action advanced by Plaintiff Beck–Ellman where the underlying product also causes injury or property damage. *See, e.g., Keegan,* 284 F.R.D. at 510–11 (certifying diminished value theories where nondisclosure of alleged defect could "lead to car accidents, personal injury, or death"); *Montanez v. Gerber Childrenswear, LLC,* No. CV–09–7420, 2011 WL 6757875 (C.D.Cal. Dec. 15, 2011) (some class members suffered skin irritation and likely medical expenses); *Keilholtz v. Lennox Hearth Products, Inc.,* 268 F.R.D. 330, 343 (N.D.Cal.2010); *Aspinall v. Philip Morris Companies, Inc.,* 442 Mass. 381, 393, 813 N.E.2d 476 (2004) (upholding commonality of economic claims where false advertising class included smokers with personal injuries). The named Plaintiff Beck–Ellman is therefore not an inadequate representative merely because potential class members might also have individual causes of

action for personal injury or property damage.

■ Defendants further argue that Plaintiff Beck–Ellman is inadequate as class representative because her CLRA, unjust enrichment, and implied warranty claims are time-barred. However, "[g]iven a sufficient nucleus of common questions, the presence of the individual issue of compliance with the statute of limitations" need not bar class certification. *Williams,* 529 F.2d at 1388. The statute of limitations is a merits determination often not suitable for resolution at the class certification stage, and Defendants are free to submit motions for summary judgment. *See Johns,* 280 F.R.D. at 560 (citing *Massachusetts Mutual Life Ins. Co.,* 119 Cal. Rptr.2d at 199).

In sum, Plaintiff Beck–Ellman would adequately represent the putative class. Plaintiff Beck–Ellman's retained counsel has significant experience in prosecuting consumer fraud and warranty class actions. (Doc. No. 43–3, Eppsteiner Decl. at ¶¶ 2–33.) Accordingly, the Court appoints Beverly Beck–Ellman as class representative of the California Class, and appoints Eppsteiner & Fiorica Attorneys, LLP, as counsel for the California class.

**B. Requirements of Rule 23(b)(3)**

■ In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is appropriate under Rule 23(b)(1), (2) or (3). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Certification under Rule 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon,* 150 F.3d at 1022 (internal quotations omitted). Rule 23(b)(3) calls for two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed.R.Civ.P. 23(b)(3); *Hanlon,* 150 F.3d at 1022. In evaluating predominance and superiority, the Court must consider: (1) the extent and nature of any pending litigation commenced by or against the class involving the same issues; (2) the interest of individuals within the class in controlling their own litigation; (3) the convenience and desirability of concentrating the litigation in a particular forum; and (4) the manageability of the class action. Fed.R.Civ.P. 23(b)(3)(A)–(D); *Amchem,* 521 U.S. at 615–16, 117 S.Ct. 2231.

**i. Predominance**

■ The predominance analysis under Rule 23(b)(3) is more stringent than the commonality requirement of Rule 23(a)(2). The analysis under Rule 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." *Hanlon,* 150 F.3d at 1022. In contrast to Rule 23(a)(2), "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Id.* Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication. *Id.* To satisfy the predominance inquiry, it is not enough to establish that common questions of law or fact exist, as it is under Rule 23(a)(2)'s commonality requirement. The predominance inquiry under Rule 23(b) is more rigorous, *Amchem,* 521 U.S. at 624, 117 S.Ct. 2231, as it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623, 117 S.Ct. 2231.

**a. Consumer Protection**

■ Plaintiff Beck–Ellman's consumer protection claims satisfy the predominance requirement of Rule 23(b)(3). The core of Plaintiff Beck–Ellman's claims rests on Defendants' alleged deceptive conduct in marketing the heating pads. (Pls.' Br. 13–14.) None of the heating pads' packaging contains the warnings regarding risk of injury or use limitations that Plaintiff Beck–Ellman claims render the products unsuitable for their designated purpose, despite any variations in the packaging of the heating pads. (*See* McDuffie Dep. at 56:14–57:22; 63:18–64:6; 152:6–155:10.)

Defendants argue that Plaintiff Beck–Ellman's claims are not suitable for class treatment because the issue of the individual reliance of each class member will predominate. Defendants' argument fails under California law. California consumer protection laws take an objective approach to the reasonable consumer, not the particular consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir.2008). The Ninth Circuit recently affirmed the general California rule " 'that relief under the UCL is available without individualized proof of deception, reliance and injury.' " *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir.2011) (quoting *In re Tobacco II*, 46 Cal.4th 298, 93 Cal. Rptr.3d 559, 207 P.3d 20, 35 (2009)); *accord Keegan*, 584 F.R.D. at 533. Similarly, "because Plaintiff's other claims under the FAL and CLRA rely on the same objective test, that is, whether 'members of the public are likely to be deceived,' these other claims also do not require individual analysis of class members' injury." *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 532 (C.D.Cal. 2011), reconsideration denied, 280 F.R.D. 540 (C.D.Cal.2012); *see also Stearns*, 655 F.3d at 1022 ("If the trial court finds that material misrepresentations have been made to the entire class, an inference of reliance [under the CLRA] arises as to the class."); *Johns*, 280 F.R.D. at 557–58 & n. 4. Plaintiff Beck–Ellman may therefore "prove with generalized evidence that Defendants' conduct was 'likely to deceive' purchasers," rather than proving the reliance of each class member individually. *Keilholtz*, 268 F.R.D. at 342–43. The issue of individualized reliance therefore is no impediment to finding predominance for the California claims. Further, Defendants are free to submit a motion for summary judgment on many of the issues in the case.

■■■■■ Plaintiff Beck–Ellman has made a showing of materiality for the purposes of class certification. The "ultimate question of whether the undisclosed information [is] material [is] a common question of fact suitable for treatment in a class action." *Keilholtz*, 268 F.R.D. at 343. Though Defendants call into question Plaintiff Beck–Ellman's evidence tending to show materiality, the ultimate determination is to be made by the trier of fact. *Stearns*, 655 F.3d at 1022. For the purposes of class certification, it is sufficient that the alleged material omission was part of a common advertising scheme to which the entire class was exposed. *See Hanlon*, 150 F.3d at 1019–22; *In re Ferrero Litigation*, 278 F.R.D. at 560; *Johns*, 280 F.R.D. at 557–58 & n. 4; *Holiday Universal*, 249 F.R.D. at 193. Therefore the Court finds that common issues exist and predominate over individual issues in this matter, satisfying the predominance requirement of Rule 23(b)(3) for the California Class.

### b. Breach of Implied Warranty and Unjust Enrichment

■■■■■ Common issues also exist and predominate on Plaintiff Beck–Ellman's claims for unjust enrichment and breach of implied warranty of merchantability. Plaintiff Beck–Ellman's claims are based on common contentions of deceptive conduct by Defendants in marketing their products. Specifically, this case concerns whether Defendants' products were defective and, if so, whether Defendants' failure to report such defects and/or limited usage on the products' packaging constituted a material omission. Determinations of whether such defects exist and, as a result, whether warranties were breached, are common issues appropriate for class treatment. *See Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168, 1173–74 (9th Cir.2010); *see also, e.g., Keegan*, 284 F.R.D. at 536–38 (certifying implied warranty claims).

Likewise, unjust enrichment claims are appropriate for class certification as they require common proof of the defendant's conduct and raise the same legal issues for all class members. *See, e.g., Keilholtz*, 268 F.R.D. at 341–42, 343–44 (certifying class for unjust enrichment claim); *Cartwright v. Viking Industries, Inc.*, No. 2:07–CV–02159, 2009 WL 2982887, at *12–13 (E.D.Cal. Sep. 14, 2009) (finding predominance of common issues because "the crux of plaintiff's claims is that defendant unjustly retained the benefits of its sale of window products to consumers after it failed to disclose material facts about the defective nature of those products").

Moreover, Defendants' contention that the Song–Beverly Act requires consumers to give notice to warrantors regarding a product defect prior to bringing suit is incorrect. *Mexia v. Rinker Boat Co., Inc.,* 174 Cal. App.4th 1297, 95 Cal.Rptr.3d 285, 292–93 (2009). Such requirement is therefore not a bar to this action. The Court concludes that Plaintiff Beck–Ellman's unjust enrichment and breach of implied warranty of merchantability claims raise common factual and legal issues that predominate over individual issues and therefore satisfy Rule 23(b)(3) for the California class.

### c. Damages

■■■ The individual nature of damages does not overcome the predominance of common issues regarding liability. "The amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack,* 524 F.2d 891 (9th Cir.1975); *accord Martinez v. Welk Group, Inc.,* No. 09–CV–2883, 2012 WL 2888536, at *2 (S.D.Cal. July 13, 2012); *Dilts v. Penske Logistics, LLC,* 267 F.R.D. 625, 639–40 (S.D.Cal.2010). Defendants have sales data from which damages and/or restitution maybe determined. (*See* Kubik Decl. Ex. 4 at 33–34.) Moreover, Plaintiff Beck–Ellman seeks no remedy that would require an award of damages unique to any particular class member or subclass of class members. As a result, the Court determines that the potential recovery is no impediment to the requirements of commonality or predominance.

### d. Statute of Limitations

Defendants further argue that the statute of limitations prevents a finding of commonality and predominance. Defendants contend that the CLRA, unjust enrichment, and implied warranty claims of some class members, such as Plaintiff Beck–Ellman, are time-barred. (Defs.' Opp. at 17–18.) But, "[t]he existence of a statute of limitations issue does not compel a finding that individual issues predominate over common ones. Given a sufficient nucleus of common questions, the presence of the individual issue of compliance with the statute of limitations" need not bar class certification. *Williams,*

529 F.2d at 1388. The statute of limitations is a merits determination often not suitable for resolution at the class certification stage, and Defendants are free to submit motions for summary judgment. *See Johns,* 280 F.R.D. at 560 (citing *Massachusetts Mutual Life Ins. Co.,* 119 Cal.Rptr.2d at 199).

Plaintiff Beck–Ellman sufficiently demonstrates that common questions present a significant portion of the case and can be resolved for all members of the California class in a single adjudication. *Hanlon,* 150 F.3d at 1019–22. Accordingly, Plaintiff Beck–Ellman satisfies the predominance requirement as to the proposed class.

### ii. Superiority

■■■ Rule 23(b)(3) requires the Court to find "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Considerations pertinent to this finding include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3)(A)–(D). The superiority requirement tests whether "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter–Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir.1996). "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually a class action is not superior." *Zinser,* 253 F.3d at 1192.

Plaintiff Beck–Ellman asserts she was misled by Defendant's common advertising campaign of Kaz heating pads. Where a case involves multiple claims for relatively small individual sums, some plaintiffs may not be able to proceed as individuals because of the disparity between their litigation costs and what they hope to recover. *Local Joint*

*Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir.2001). Here, it would not be economically feasible to obtain relief for each class member given the small size of each class member's claim. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

Moreover, Plaintiff Beck–Ellman does not seek class certification for causes of action for personal injury or property damage resulting from the purchase and use of Kaz heating pads. (Compl. at ¶¶ 63–187; Pls.' Reply at 1.) Any qualifying class member seeking recovery for personal injury or property damage caused by Kaz heating pads need only opt out of the putative class and bring a separate action. *Compare Krueger*, 2008 WL 481956, at *2–3 (denying class certification without prejudice due to class members' potential personal injury claims) *with Krueger*, 2011 WL 8971449, at *1 (granting class certification by excluding those who "seek personal injury damages resulting" from the subject matter of the litigation). Therefore the amount of each plaintiff's claim will be both small and common to the class. Accordingly, the Court finds that class action is clearly superior to ensure a fair and efficient adjudication of the present action.

### III. Pennsylvania Class

Plaintiffs also seek to certify a class of Pennsylvania plaintiffs based on violations of the UTPCPL, Pennsylvania's consumer protection statute, as well as claims for breach of implied warranty and unjust enrichment. Defendants oppose certification on the ground that individual issues predominate on these claims. Under Pennsylvania law, "a private plaintiff pursuing a claim under [the Consumer Protection Law] must prove justifiable reliance." *Hunt v. U.S. Tobacco Co., et al.*, 538 F.3d 217, 221–22 (3d Cir.2008); *see also Schwartz v. Rockey*, 593 Pa. 536, 932 A.2d 885, 897 n. 16 (2007) (stating that "the justifiable reliance criterion derives from the causation requirement"); *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 202 (2007) ("[A] plaintiff alleging violations of the Consumer Protection Law must prove justifiable reliance."); *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425, 438 (2004) ("To bring a private cause of action under the [Consumer Protection Law], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."). Moreover, "[t]he Supreme Court of Pennsylvania has consistently interpreted the Consumer Protection Law's private-plaintiff standing provision's causation requirement to demand a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm." *Hunt*, 538 F.3d at 222 (citing *Weinberg v. Sun Co.*, 565 Pa. 612, 777 A.2d 442, 445–46 (2001)). In the absence of a presumption of causation and reliance, i.e. from a showing of materiality, each plaintiff would therefore have to prove individual reliance. *See id.* at 227 ("We reject Hunt's suggestion that he enjoys a presumption of reliance, as this suggestion is inconsistent with Pennsylvania case law.")

Plaintiffs cite a few Pennsylvania trial court cases indicating a presumption of reliance may sometimes be justified. *See, e.g., Solarz v. Daimlerchrysler Corp.*, 2003 WL 23190038 (Pa.Com.Pl. Oct. 30, 2003); *Zwiercan v. Gen. Motors Corp.*, 2003 WL 1848571 (Pa.Com.Pl. Mar. 18, 2003). However, like the Third Circuit in *Hunt*, this Court concludes that justifiable reliance requires individualized proof and is not subject to a presumption under Pennsylvania law. *See Hunt*, 538 F.3d at 227. The Pennsylvania causes of action thus do not involve a "common contention . . . of such a nature that it is capable of classwide resolution." *Wal–Mart Stores, Inc.*, 131 S.Ct. at 2551.

Plaintiffs therefore fail to satisfy the commonality and predominance requirements of Rules 23(a) and 23(b)(3) with regards to the Pennsylvania class. Accordingly, the Court declines class certification for the Pennsylvania class.

### *Conclusion*

For the reasons above, the Court grants in part and denies in part Plaintiffs' motion for class certification. The Court grants Plaintiffs' motion for class certification as to the California class for the consumer protection,

implied warranty, and unjust enrichment claims. The Court concludes that Plaintiff Beck–Ellman has met the burden of satisfying the requirements of Federal Rule of Civil Procedure 23, and certifies the following class:

California class: All residents of California who purchased Kaz-manufactured electric heating pads bearing the words "Kaz" and/or "SoftHeat" and/or "Smart/Heat" and/or "Dunlap" and/or the number 1–800–477–0457 on the packaging or heating pads themselves for primarily personal, family, or household purposes from October 13, 2006, through the date of class notice. The Court excludes from the class anyone seeking damages for personal injury or property damage caused by Kaz heating pads, as well as anyone with a conflict of interest in this matter.

The Court appoints Plaintiff Beverly Beck–Ellman as class representative for the California class. The Court appoints Eppsteiner & Fiorica Attorneys, LLP, as counsel for the California class.

The Court denies Plaintiffs' motion for class certification as it pertains to the proposed Pennsylvania class.

**IT IS SO ORDERED.**