BEA, Circuit. Judge,
concurring in the result:
This case presents an important question of first impression in the federal courts of appeal: What principles should guide a federal district court’s application of comity to a fellow district court’s earlier denial of class certification, when addressing a later motion for class certification by a similar class of plaintiffs? The parties asked this question of Judge Martinez in the district court, who answered (“[i]n the absence of any specific guidance” from our court) by adopting the American Legal Institute’s (“ALI”) suggestion that the earlier denial of class certification be accorded a rebuttable presumption of correctness. Baker v. Microsoft Corp., 851 F.Supp.2d 1274, 1278 (W.D.Wash.2012). We should be aware that litigants in other cases have added to the chorus of voices requesting guidance, reinforcing just how important this question is to effective adjudication of class action litigation. See, e.g., Ott v. Mortgage Investors Corp. of Ohio, 65 F.Supp.3d 1046, 1064-65 (D.Or.2014) (citing Baker, 851 F.Supp.2d at 1278).
I believe our court owes it to district courts to give them the guidance which Judge Martinez found, quite correctly, was absent. Moreover, I respectfully disagree with the majority opinion’s assertion that this case can be decided on the “narrower and more well established ground” that Judge Martinez erred in basing his ruling on the tire defect cases. Maj. Op. at 615 n. 5 (citing Gable v. Land Rover North America, Inc., 2008 WL 4441960 (C.D.Cal. Sept. 29, 2008), rev’d sub nom Wolin v. Jaguar Land Rover North Am., LLC, 617 F.3d 1168 (9th’ Cir.2010)). That simply was not the basis for Judge Martinez’s ruling. Rather, Judge Martinez based his ruling on the only ground urged by Microsoft: that he should defer, for reasons of comity, to Judge Coughenour’s denial of class certification in an earlier, similar class action.[1] For that reason, I do not concur in the majority opinion. Instead, I would hold that a federal district court faced with an earlier denial of class certification in an earlier common dispute heard in a different district court should adopt the rebuttable presumption of correctness suggested by the ALI and adopted by Judge Martinez. But because I conclude that presumption was rebutted in this case, I concur in the result reached by the majority.
I. Background
First, a brief history of this action may be helpful to bring focus. In Gable,[2] the district court denied certification of a class of Land Rover owners who alleged a defect in the wheel alignment of their vehicles that caused uneven, premature tire wear. The district court judge believed that the individual issue whether or not the defect actually had manifested itself by causing damage to the tire predominated over the common issue whether the car had defective wheel alignment. Gable v. Land Rover North America, Inc., 2008 WL 4441960, *5 (C.D.Cal. Sept. 29, 2008).
A year later, District Judge Coughenour in In re Microsoft Xbox §60 Scratched *617 Disc Litigation, 2009 WL 10219350 (W.D.Wash. Oct. 5, 2009), was presented with a putative class of X-Box owners who, similar to plaintiffs here, alleged their X-Box devices had scratched them video game discs. He relied on the causation analysis of Gable to deny certification of the class. He reasoned that much as each Land Rover owner in Gable had to show that the alignment defect had manifested itself by causing tire damage in his car, so too each video game system owner in Microsoft Xbox 360 Scratched Disc Litigation had to show that the scratching defect of his game console had manifested itself by damaging a disc. The manifested effect of the product defect would tend to be different as to each plaintiffs tire or disc. Notably, Judge Coughenour ruled against the plaintiffs’ attempts to distinguish Gable, saying that the two cases presented identical questions of predominance of individual issues over common class issues. Microsoft Scratched Disc Litigation at *7. That scratched disc case was settled later that year.
In 2010, the Ninth Circuit reversed Gable’s determination of the predominance question. We held the common question whether a defect existed in the wheel alignment predominated over the individual question of the manifestation of the defective wheel alignment through uneven tire wear.[3] Judge Martinez, the district court judge here, heard Microsoft’s motion to strike class claims in 2012, and was faced with an unusual conundrum.
The Supreme Court had recently held that federal district courts are expected “to apply principles of comity to each other’s class certification decisions when addressing a common dispute.” Smith v. Bayer, — U.S. -, 131 S.Ct. 2368, 2382, 180 L.Ed.2d 341 (2011)/ But no Ninth Circuit or Supreme Court precedent existed to interpret how principles of comity should be applied. Judge Martinez thus adopted the suggestion of the American Legal Institute (“ALI”) that an earlier class certification decision of a different district court should be afforded a rebutta-ble presumption of preclusive effect. Applying this presumption, he held that the presumption of preclusive effect as to Judge Coughenour’s ruling in Microsoft Xbox 360 Scratched Disc Litigation had not been rebutted, and granted the motion to strike. Judge Martinez did not opine on the issues raised by the motion to strike de novo, and the defendants did not base their motion to strike on any grounds beyond comity.[4]
Was Judge Martinez’s application of comity correct? As I have noted, this is a question of first impression in this circuit, and a difficult one. And it puts the wrong question in this case to assert, as the majority does, that Judge Martinez misconstrued this court’s opinion in Wolin.[5] Af *618 ter all, in the typical comity case, where a U.S. court is considering whether to give effect to a foreign judgment, “the mere assertion of [a] party that the [earlier] judgment was erroneous in law or in fact” does not suffice to disrupt the presumption that the foreign judgment be given legal effect. Asvesta v. Petroutsas, 580 F.3d 1000, 1011 (9th Cir.(2009)) (quoting Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895)). In those cases, a “special reason why the comity of this nation” should not attach is needed. Id. Perhaps such solicitousness makes less sense in the federal district court context; since federal district court judges are not sovereigns, their decisions might not require a “special reason” to be ignored. But if that is the conclusion we come to, we should say so.
There is no governing precedent from the Supreme Court or from our court discussing application of principles of comity to orders of denials of class certification entered by district courts in cases involving similar class claims. But the notion of comity between federal district courts under federal common law is not new to our circuit.
Indeed, as Judge Martinez noted, comity between federal district courts in this circuit has long encompassed decisions by the courts designed to promote the smooth workings of the federal judiciary and to avoid the embarrassment of inconsistent results. Baker, 851 F.Supp.2d at 1278. For instance, in Church of Scientology of California v. U.S. Dept. of Army, 611 F.2d 738 (9th Cir.1979), the Church of Scientology filed a request pursuant to the Freedom of Information Act for any government materials involving itself or its founder, L. Ron Hubbard. The relevant agency (the Department of the Army) refused to release a certain document. Litigation involving this document proceeded in the federal district courts of the Central District of California and of the District of Columbia. The California district court declined to compel the release of the document on the grounds that the D.C. court was considering the same issue, and the issue was better litigated in D.C. On appeal, the Ninth Circuit held that since the district court in D.C. had already issued its decision, which had been reversed by the D.C. Circuit and remanded for future proceedings, the interests of comity were best served by deferring to the D.C. case, where proceedings were further advanced.[6]
Since the recognition and application of comity to courts’ earlier decisions is a matter of federal common law, and no Supreme Court precedent guides our inquiry, this court has discretion to craft the rules of federal district court comity it thinks should apply. Since Judge Martinez’s de- *619 cisión cannot be affirmed or reversed, in my view, without explaining whether his vision of comity was correct, I turn to that question.
II. A Framework for Comity
I suggest the following framework for district courts faced with earlier class certification denials for the same or similar plaintiff classes. First, a district court that is faced with the earlier ruling of another district court denying class certification for a similar putative class should adopt as a rebuttable presumption that the litigation is not amenable to class action treatment.[7] Second, that presumption may be rebutted by proof from the putative class representative that shows a change in factual or legal circumstances since the entry of the earlier order which change rebuts the presumption. Alternatively, the presumption may be rebutted by a showing that the earlier district court ruling was based on clear error. Finally, this court should review a district court’s decision on whether the rebuttable presumption attaches or has been rebutted for abuse of discretion. How does this approach play out; and, will it work?

A. An Earlier Denial of Certification of a Similar Class Should Give Rise to a Rebuttable Presumption That the Litigation is Not Amenable To Class Treatment

The basic posture of this case is not new: a defendant faces a putative class of plaintiffs, but there is substantial uncertainty as to whether the putative class will be able to satisfy Federal Rule of Procedure 23’s requirements for class treatment. As the Supreme Court has recognized, the decision whether or not the class is certified is usually the most important ruling in such a case; once a class is certified, plaintiffs who brought claims of even dubious validity can extract an “in terrorem” settlement from innocent defendants who fear the massive losses they face upon an adverse jury verdict. See, e.g., AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 131 S.Ct. 1740, 1752, 179 L.Ed.2d 742 (2011) (“Faced with even a small chance of a devastating loss, defendants will be pressured into settling questionable claims.”).
Thus, plaintiffs counsel need not present meritorious claims to achieve victory; they need obtain only a favorable class certification ruling. In light of the minimal costs of filing a class complaint, an obvious strategy suggests itself: keep filing the class action complaint with different named plaintiffs[8] until some judge, somewhere, grants the motion to certify. So long as such a decision is reached while the plaintiffs who have not yet filed are numerous enough to justify class treatment, the plaintiffs will have a certified class that they can use to extract an in terrorem settlement.
If in terrorem settlements are bad, du-plicative lawsuits employed to extract such a settlement are worse. It is no surprise, then, that appellate courts have long been trying to solve this problem. One solution was put forth by the Seventh Circuit in In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 333 F.3d 763 (7th *620 Cir.2003). There, the Seventh Circuit held that an earlier denial of class certification would be binding on all putative members of the class, whether or not named in the action, so long as they were adequately represented by the named litigants and class counsel. Thus, there would be an irrebuttable presumption that an earlier denial of class certification had binding effect.
However, the Supreme Court abrogated Bridgestone/Firestone in Smith v. Bayer. Bayer, 131 S.Ct. at 2380-81. There, the Court made clear that despite “policy concerns relating to use of the class action device,” individuals not present before the district court could not be bound by its judgment, as the court simply lacked authority to bind them because they were not parties to the litigation, nor did they fit into any of the narrow exceptions to the party preclusion rule announced in Taylor v. Sturgell, 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). This was not, the Supreme Court said, to deny the force of defense counsel’s policy objection, but to state that “principles of stare decisis and comity among courts” would have to “mitigate the sometimes substantial costs of similar litigation brought by different plaintiffs.” Bayer, 131 S.Ct. at 2380-81.
•Thus, two principles guide application of comity in this context. First, a district court cannot treat an earlier denial of certification of class status to a similar plaintiff class as conclusive proof that the subject matter is not amenable to class treatment. Bayer, 131 S.Ct. at 2380-81. Second, district courts should adopt an approach to comity which resolves (or at least reduces) the policy concern of repeated certification efforts by plaintiffs seeking an in terrorem settlement. AT & T ■Mobility LLC, 131 S.Ct. at 1752 (2011). Taken together, these principles recommend that district courts be given a way to clear their dockets of questionable successive class certification requests, while ensuring that putative class members who have unearthed new evidence or new law in favor of certification, or clear error in the earlier ruling, not be foreclosed by the failed efforts of their predecessors..
In light of the need to distinguish between legitimate and illegitimate successive class certification request, a presumption of correctness to earlier denials of certification that can be rebutted by a showing of changed factual or legal circumstances, or earlier clear error, makes sense. . First, the district court is justified as a matter of. procedure in assuming that the earlier denial of certification was correct; if it was not, plaintiffs in the earlier action could have pursued an interlocutory appeal[9] and had the decision vacated; the inference of correctness from its continued existence is reasonable.[10] Second, if the presumption of correctness is rebuttable, this rule does not run afoul of the Supreme Court’s teaching in Smith v. Bayer that unnamed members of a putative class cannot be bound by the denial of certification. Plaintiffs are given an opportunity to challenge that earlier denial of class certification by rebutting the presumption, and the presumption will be rebutted in any case where there are good grounds to reconsid *621 er the initial determination that the subject matter of the case is not amenable to aggregate treatment. Third, the policy concern about the cost of defending against successive certification motions is reduced by putting the onus on plaintiffs to explain why the earlier ruling should not be given effect: so long as there is no new evidence, change in the law, or clear error in the earlier dismissal, defendants can rely on their first victory to stave off in terrorem settlements.[11] Fourth, as the district court noted in this case, adoption of a rebuttable presumption has scholarly support. See Baker v. Microsoft Corp., 851 F.Supp.2d 1274, 1278 (W.D.Wash.2012) (citing ALI Principles of the Law of Aggregate Litigation).[12]
In particular, when there has been a change in the law governing whether a matter is amenable to class treatment — as there was in the Range Rover wheel alignment case — that should be grounds for rebutting the presumption in favor of the earlier ruling which was based on abrogated law and which denied class certification. This is because there are pro-class action policy arguments that we should not ignore. In particular, class actions are an important way of resolving so-called “negative value claims”; that is, claims that are legitimate, but cost too much to litigate individually. Thus, denying class certification to claims that can be treated in the aggregate is equivalent to denying those claims on the merits. When the law has changed to recognize those claims as amenable to aggregate treatment, applying that change to give the new plaintiff an opportunity to represent the class makes sense. Moreover, since the change in the law has recognized a claim that would not otherwise have been viable, this is not a “second bite at the apple” of the sort animating claim preclusion principles. Instead, the change in the law has presented a different apple.

B. A Decision Which Applies Comity’s Presumption of Correct Denial of Certification Should Be Reviewed on an Abuse of Discretion Standard

It is settled law that the decision to apply principles of comity is discretionary, not mandatory. Bird v. Glacier Elec. Coop., Inc., 255 F.3d 1136, 1140 (9th Cir.2001). Therefore, this court reviews a district court’s decision to grant comity deference to a state or tribal court’s determination of an issue for abuse of discretion. Stock West Corp. v. Taylor, 964 F.2d 912, 918 (9th Cir.1992). This principle has been extended to comity to federal court decisions; a district court’s decision to dismiss an action under the federal comity doctrine’s “first to file” rule is reviewed for an abuse of discretion. Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir.2000).
Since the district court’s choice to apply principles of comity is discretionary, an abuse of discretion standard of review should be applied. Moreover, I see no justification for a less stringent standard of *622 review for a decision to give preclusive effect to the substance of an order than to the decision to defer to duplicative litigation as in the “first to file” context. Thus, I suggest adoption for use here of the familiar abuse of discretion standard: a district court abuses its discretion when it identifies the wrong legal standard for decision, or makes findings of fact (or applications of the facts it has found) that are “illogical, implausible, or without support in inferences that may be drawn from facts in the record.” U.S. v. Hinkson, 585 F.3d 1247, 1251 (9th Cir.2009) (en banc).
III. This Case
Applying the framework enunciated above, I conclude that the rebuttable presumption that individual issues predominated over class-wide issues was rebutted here.
At the first step, Judge Martinez correctly applied comity’s rebuttable presumption in favor of Judge Coughenour’s earlier denial of class certification. At the second step, however, the district court erred by finding that Wolin was not a change in law that rebutted the presumption in favor of the earlier denial of class certification. The district court made this mistake because it misunderstood the grounds of Judge Coughenour’s earlier denial of class certification.
Judge Martinez concluded that the presumption had not been rebutted because the Gable/Wolin Land Rover litigation was distinguishable from the scratched disc litigation. However, the language he quoted from Judge Coughenour’s earlier denial was language justifying Judge Coughen-our’s conclusion that Gable could not be distinguished from the X-Box scratch case. In re Microsoft Xbox 360 Scratched Disc Litigation, 2009 WL 10219350, at *7 (W.D.Wash. Oct. 5, 2009) (“Plaintiffs attempt to distinguish Gable, but fail ... The Gable court acknowledged that every Land Rover suffered the same design flaw, but nonetheless refused to certify the class, because the defect had not manifested in every Land Rover. That is exactly the case here.”). Judge Martinez committed two errors of law. First, he read Judge Coughenour’s earlier denial of class certification as based on a finding that the Gable/Wolin decision was distinguishable from the scratched disc litigation; to the contrary, Judge Coughenour had stated that the scratched disc and tire wear actions were not distinguishable. Second, it was legal error for him to defer to Judge Coughenour’s denial of class certification in light of the change in law wrought by Gable’s reversal in Wolin, as discussed fully in the majority opinion. Maj. Op. at 613-14.
Thus, Judge Martinez abused his discretion by granting comity deference to an earlier denial of class certification despite an intervening change in the law that should have rebutted the presumption in favor of that denial. Notably, Microsoft made no argument in the district court in support of the motion to strike other than reliance on comity; its arguments about the propriety of class treatment in this ease were only to justify the “alternative relief’ of denial of certification. Since the district court has not yet opined on whether plaintiffs’ class should be certified, I agree that this issue should remain open on remand, where defendants will be free to renew their motion to deny certification.
IV. Conclusion
Our court should not misconstrue the district court rulings it reviews, and it should give guidance to district courts who face difficult questions of law. As the majority opinion does not satisfy either of *623 these duties, I concur in its result, but not its reasoning.

. See infra footnote 5 and accompanying text.

. Gable v. Land Rover North America, Inc., 2008 WL 4441960 (C.D.Cal. Sept. 29, 2008), rev’d sub nom Wolin v. Jaguar Land Rover North Am., LLC, 617 F.3d 1168 (9th Cir.2010).

. The Ninth Circuit reversed under a different name. Wolin v. Jaguar Land Rover North Am., LLC, 617 F.3d 1168 (9th Cir.2010). Thus, Wolin refers unambiguously to the Ninth Circuit ruling, while Gable refers unambiguously to the district court ruling.

. See ER 45 (making the comity argument as to the motion to strike, then arguing that “In the Alternative, the Court Should Deny Certification of Plaintiffs' Proposed Classes.”). Certification raises issues and procedures quite different from a motion to, strike, and defendants were unambiguous in relying on the comity argument alone for their motion to strike. Plaintiffs replied that “comity does not apply” because Wolin was an intervening change in law; as the ALI explains, the comity presumption of correctness is rebutted "when the basis for an earlier denial ... is no longer present.” Dkt. 23 at 17 (citing Am. Law. Inst., Principles of the Law of Aggregate Litigation § 2.11 cmt. c. (2010)).

.I agree that Judge Martinez misunderstood Wolin. See Part III, infra. He did not see Wolin as a change in the law, despite Judge Coughenour's reliance on the decision Wolin *618 overruled. But I do not agree that Judge Martinez relied on Wolin, since nothing in his order suggests such reliance. To the contrary, the order suggests he relied on Judge Coughenour’s earlier ruling. Moreover, there is no authority the majority can cite for the proposition that if Judge Martinez had understood Wolin as a change in the law, he was obliged to refuse comity deference to Judge Coughenour’s earlier ruling. Indeed, that is the very question the majority should have answered in this case, and with which this concurrence deals.

. The more common federal comity case occurs when a federal district court declines jurisdiction over a case on the grounds that an action relating to the same subject matter has already been commenced in another district. The first-to-file rule is technically an abdication by the district court; if subject matter jurisdiction exists, the second court is not required by any constitutional principle to desist. It does so for the unremarkable reason that the public interest' — conservation of judicial resources and minimization of the risk of inconsistent decisions — is better served by so doing.

. Thus, I would have the district court presented with a motion to strike class allegations, as in this case, give comity deference to an earlier ruling on class certification as to similar class claims.

. Different named plaintiffs would be required because the original named plaintiff, as party to the suit, would be precluded from relitigating the matter. See Taylor v. Sturgell, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (describing basic principles of claim and issue preclusion).

. An interlocutory appeal of this order is explicitly allowed under Federal Rule of Civil Procedure 23(f), which allows circuit courts to permit an immediate appeal from the denial of class certification "if a petition for permission to appeal is filed with the circuit clerk within 14 days" of the denial.

. Or, as in this case, plaintiffs could voluntarily dismiss their claims with prejudice and appeal as of right. I concur with the opinion’s jurisdictional and standing analysis based on Berger, so it is common ground that plaintiffs have created proper appellate jurisdiction in this manner.

. My suggestion balances the finality value of a definitive ruling in defendants' favor with the danger of an erroneous first denial of class certification curtailing legitimate claims by allowing the second district court to engage in clear-error review of the first court's ruling.

. Plaintiffs in this case allege that a rebutta-ble presumption serves to unduly constrain district court discretion. But discretion does not mean unbounded discretion, and the policy arguments against duplicative class actions recognized by the Supreme Court in Smith v. Bayer require some restrictions on the discretion' of district courts to certify a class. 131 S.Ct. at 2381. A rebuttable presumption, coupled with abuse-of-discretion review by this court, thus preserves district court discretion without allowing district courts to stray too far.